BERNARD'S
HEIRS
*vs.*
DUROCHER ET AL.

## BERNARD'S HEIRS *vs.* DUROCHER ET AL.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH AND CITY OF
NEW-ORLEANS.

Where it is admitted by both parties, that certain dispositions and
provisions of a will are illegal and afford sufficient grounds to annul
it, no other defects or alleged grounds of nullity will be decided on
or noticed.

This is an action commenced in the Court of Probates,
for the parish and city of New-Orleans, by the heirs at law
of the late widow Bernard, to annul and set aside a will
found among her papers since her death, and to be
recognised as her lawful heirs, entitled to the inheritance
of her succession.   The will being found, the judge of
probates appointed the register of wills to carry it into
execution.   An attorney to represent absent heirs was also
appointed.

The plaintiffs show that they are the nearest collateral
relations of the deceased, and as such, entitled to her
succession.   That the will set up, which deprives them of
this inheritance, is illegal, null and void :   *first,* because both
her and her husband's will, which bear the same date, are
contained in one and the same instrument;   the husband
having died long before the wife.   *Second,* because the
dispositions in the will contain substitutions :   *first,* in favor of
the survivor of them ;   and *second,* in favor of third persons,
on the death of the survivor.

The judge of probates gave judgment, annulling the will,
and recognising the plaintiffs as entitled to the inheritance.
The counsel for the absent heirs appealed.

*Soulé,* for the plaintiffs.

*Pichot,* for the absent heirs.

*Martin J.*, delivered the opinion of the court.

BERNARD'S
HEIRS
*vs.*
DUROCHER ET AL.

This is an action instituted in the Court of Probates for the parish and city of New-Orleans, to annul and set aside a will. Madame Durocher, wife of Gaspar Durocher, in her own behalf, and that of the other collateral heirs of the late widow Bernard, obtained a judgment contradictorily with the attorney appointed to represent the absent heirs, and the register of wills, named by the court, dative testamentary executor, under a will of the late widow Bernard and her husband, found among the papers of the deceased, which judgment annulled and set aside said will, on the ground, that it was illegal and void; because the same instrument contained the last will and testament of the deceased Madame Bernard and her then husband; *secondly*, because the will contained substitutions in relation to the disposition of the property of both husband and wife.

The facts of the case are not denied; but this court is pressed for a decision, and the expression of an opinion on the first ground of the alleged nullity of the will.

On the second ground, the appellants themselves, admit that, as the same instrument contains the last dispositions of the late husband and wife, in favor of the survivor of them, with a substitution in favor of third persons, on the death of the survivor: it is, in this respect, illegal, and its dispositions and provisions expressly forbidden by law.

In regard to the first ground of nullity, it is urged, that at the date of the will, the dispositions it contains might lawfully be included in the same instrument; that, although the law was different at the time of the death of the testatrix; yet her will, such as it stood and purported to be, was legal; since the death of her husband long before her, left the will, as regards her, the will of but one person; as she had, at his death, inherited her husband's property.

The court has concluded, that as both the appellants and appellees admit the disposition of the property by the will, is a substitution which is now forbidden by law, and ceased to be legal in this country, on the adoption of the Civil Code in 1808, it follows, that the Court of Probates decided correctly

Where it is admitted by both parties, that certain dispositions and provisions of a will are illegal and afford sufficient grounds to annul it, no other defects or alleged grounds of nullity will be decided or noticed.

EASTERN DIST.   in annulling and setting the will aside, on the ground, that
*April*, 1835.  it contained a substitution. This conclusion renders it
BEDFORD         unnecessary to express an opinion on the first proposition.
*vs.*
URQUHART
ET AL.          It is, therefore, ordered, adjudged and decreed, that the
judgment of the Court of Probates be affirmed, with costs.